UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grace F. Aderinto, <br><br>      Plaintiff, <br><br>vs. <br><br>Treasury Inspector General for Tax Administration; <br>Ms. Cindy McIntyre; <br>Ms. Barbosa; <br>Ms. Jones; <br>Customer Service, IRS; <br>All South Federal Credit Union, <br><br>      Defendants. | ) C/A No.: 3:08-2206-JFA-BM <br>) <br>) <br>) <br>) <br>) <br>) Report and Recommendation <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

This is a civil action filed *pro se*. Plaintiff has previously filed numerous frivolous cases in this Court, which has resulted in a Pre-filing Injunction Order (Injunction Order) being filed against the plaintiff. *See In re Grace Aderinto*, Case No. 3:08-mc-00078-JFA (D.S.C. 2008). This case was specifically referenced in the Injunction Order as "Aderinto Six", as follows:

> Plaintiff has filed seven civil actions in this court since January 2008, including two today. *See Aderinto v. Powell et al.*, 3:08-306-JFA-BM (D.S.C. 2008, hereafter "***Aderinto One***"); *Aderinto v. Tax Payer Advocate et al.*, 3:08-1551-JFA-BM (D.S.C. 2008, hereafter "***Aderinto Two***"); *Aderinto v. Washington et al.*, 3:08-1576-JFA-BM (D.S.C. 2008, hereafter "***Aderinto Three***"); *Aderinto v. Clinton et al.*, 3:08-1670-JFA-BM (D.S.C. 2008, hereafter "***Aderinto Four***"); *Aderinto v. Treasury Inspector General for Tax Administration et al.*, 3:08-1940-JFA (D.S.C. 2008, hereafter "***Aderinto Five***"); *Aderinto v. Treasury Inspector General for Tax Administration et al.*, 3:08-2206-JFA (D.S.C. 2008, hereafter "***Aderinto Six***"); *Aderinto v. Clinton et al.*, 3:08-2210-JFA (D.S.C. 2008, hereafter "***Aderinto Seven***").
> . . . .
>
> Seven days after filing ***Aderinto Three***, plaintiff filed ***Aderinto Four***, again using a standard *pro se* complaint form against Senator Hillary Rodham Clinton and President George W. Bush, alleging rambling and barely comprehensible assertions that cannot be given even momentary credibility, e.g.:
>
>> the President has used the spying means through AT&T to monitor the Plaintiff's conversations, while defendant Hillary Clinton has used a human system, which is comparable to a prison, to keep the Plaintiff imprisoned and to obstruct the Plaintiff from receiving any form of justice or progress. The

> Plaintiff's progress has been stunted based also, on the conversation on the phone about the Plaintiff's dreams of attaining a similar position as Joseph in the Bible attained.
>     . . . .
>
> Today, within a month of filing *Aderinto Five*, plaintiff filed *Aderinto Six* and *Aderinto Seven*, which assert claims similar to those contained in *Aderinto Five* and *Aderinto Four*, respectively.
>
> Having reviewed the record in light of the factors enunciated in *Cromer,* the court finds that plaintiff's lawsuits are duplicative and vexatious.

*In re Grace Aderinto*, Case No. 3:08-mc-00078-JFA (slip op. at 2-5).

Having independently reviewed the filings in this case, the undersigned magistrate judge agrees that this case is duplicative and, therefore, frivolous. Although *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

As previously stated, following close review of the allegations contained in the Complaint filed in this case, it is clear that this case is essentially duplicative of two other cases[1] previously filed by the plaintiff. Although those cases were dismissed "without prejudice," Plaintiff cannot simply re-file the same claims and allegations which were found to be frivolous in a new case using different words. *See, e.g.*, Am. Jur. 2d *Pleading* § 497 (2008)(court should not allow "mere repetition" of a pleading that has been previously dismissed); CJS *Pleading* § 756 (2008)(same). More importantly, the problems with Plaintiff's allegations and claims that required summary dismissal of her other cases are still evident in the pleading filed in this case.

---

[1] *Aderinto v. Tax Payer Advocate et al.*, 3:08-1551-JFA-BM (D.S.C. 2008), and *Aderinto v. Treasury Inspector General for Tax Administration et al.*, 3:08-1940-JFA (D.S.C. 2008).

With regard to the duplicitous nature of this case when compared to plaintiff's other cases, as the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989); *Haines v. Kerner,* 404 U.S. 519 (1972).

Bristow Marchant
United States Magistrate Judge

July 9, 2008
Columbia, South Carolina

**_Plaintiff's attention is directed to the important notice on the next page._**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

